10-15215

129 Nev., Advance Opinion 34

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| GEORGE P. CHAPMAN, JR.; AND BRENDA J. GULLY CHAPMAN, Appellants, vs. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE, A GERMAN NATIONAL CORPORATION; NATIONAL DEFAULT SERVICING CORPORATION, AN ARIZONA CORPORATION; AND HOMEQ SERVICING CORPORATION, A CALIFORNIA CORPORATION, Respondents. | No. 58664<br><br>FILED<br><br>MAY 30 2013<br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY<br>CHIEF DEPUTY CLERK |

Certified questions under NRAP 5 concerning whether Nevada law characterizes quiet title actions and unlawful detainer actions as proceedings in personam, in rem, or quasi in rem. United States Court of Appeals for the Ninth Circuit; Ronald M. Gould and Milan D. Smith, Jr., Circuit Judges, and Amy J. St. Eve, United States District Judge.

*Questions answered.*

Terry J. Thomas, Reno; Geoffrey L. Giles, Reno,
for Appellants.

Houser & Allison, APC, and Jeffrey S. Allison, Irvine, California,
for Respondents.

BEFORE THE COURT EN BANC.

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUN 0 3 2013

FILED
DOCKETED
DATE    INITIAL

OPINION

By the Court, PICKERING, C.J.:

The United States Court of Appeals for the Ninth Circuit has certified the following questions to this court:

> 1. Is a quiet title action under Nevada Revised Statutes § 40.010, which is premised on an allegedly invalid trustee's sale under Nevada Revised Statutes § 107.080(5)(a), properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?
>
> 2. Is an unlawful detainer action under Nevada Revised Statutes § 40.255(1)(c) properly characterized under Nevada law as a proceeding *in personam*, *in rem*, or *quasi in rem*?

*Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1048 (9th Cir. 2011).

I.

This dispute arises out of a nonjudicial foreclosure proceeding that respondent Deutsche Bank National Trust Company initiated against a home owned by appellants George P. Chapman, Jr., and Brenda J. Gully Chapman. Deutsche Bank purchased the home by credit bid at the trustee's sale. When the Chapmans did not vacate, Deutsche Bank filed an unlawful detainer action in Reno justice court, seeking to have them removed. The Chapmans countered by filing a complaint in Nevada district court seeking to quiet title to the property. They alleged that Deutsche Bank did not own the promissory note or deed of trust and had foreclosed without proper notice under NRS 107.080, invalidating the trustee's sale.

The Chapmans moved the justice court to transfer the unlawful detainer proceeding to district court so it could be consolidated

with the quiet title action. But before the justice court could decide the Chapmans' motion, Deutsche Bank removed the quiet title action from state to federal district court and filed a motion to dismiss the complaint for failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). A few days later, the Chapmans moved to remand the quiet title action back to state court on the basis that the unlawful detainer action gave the state court exclusive jurisdiction over the real property at issue in both suits. The federal court denied the Chapmans' motion to remand and granted Deutsche Bank's motion to dismiss.

The Chapmans appealed to the Ninth Circuit Court of Appeals. They argued that the federal district court should not have ruled on the motion to dismiss because the prior-exclusive-jurisdiction doctrine required the federal court to abstain in favor of the earlier-filed unlawful detainer action. The Ninth Circuit agreed with the Chapmans that, "if both the Quiet Title Action and the Unlawful Detainer Action are characterized as *in rem* or *quasi in rem*, then the prior exclusive jurisdiction doctrine requires us to vacate the District Court's dismissal of the Quiet Title Action." *Chapman*, 651 F.3d at 1048.

Existing Nevada law does not specify whether quiet title and unlawful detainer actions are in personam, in rem, or quasi in rem, so the Ninth Circuit certified questions concerning their proper characterization to this court.

II.

The prior-exclusive-jurisdiction doctrine holds that, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). If Deutsche Bank's unlawful detainer action and the Chapman's quiet title action are "strictly in personam," no prior-exclusive-

jurisdiction problem arises because "both a state court and a federal court having concurrent [in personam] jurisdiction may proceed with the litigation." *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935). Similarly, if only one of the causes of action is in rem or quasi in rem, "both cases may proceed side by side." *United States v. $79,123.49 in U.S. Cash & Currency*, 830 F.2d 94, 97 (7th Cir. 1987). "But if the two suits are *in rem* or quasi *in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other." *Penn Gen. Cas. Co.*, 294 U.S. at 195.

The character of the parties' competing quiet title and unlawful detainer actions thus is determinative of the Chapmans' federal appeal. Of note, we do not need to decide whether quiet title and unlawful detainer actions are in personam *or* in rem *or* quasi in rem. The prior exclusive jurisdiction doctrine applies whether the actions are in rem or quasi in rem, just not if they are in personam. *See Seitz v. Fed. Nat'l Mortg. Ass'n*, No. 3:12CV633, 2012 WL 5523078, at *2, 8 (E.D. Va. Nov. 14, 2012) (declining to determine whether quiet title actions are in rem or quasi in rem because the distinction does not impact the prior exclusive jurisdiction rule in a case "strikingly similar" to *Chapman*).

Since current Nevada law does not resolve the questions certified to us by the Ninth Circuit, we exercise our discretion under NRAP 5 and accept them. *See Volvo Cars of N. Am. v. Ricci*, 122 Nev. 746, 749-51, 137 P.3d 1161, 1163-64 (2006). We reframe the questions, however, to ask whether the quiet title and unlawful detainer actions are in personam, on the one hand, or quasi in rem or in rem, on the other

hand. This obviates the need to debate the exiguous distinction between in rem and quasi in rem jurisdiction, which was historically significant but now is of questionable importance. Restatement (Second) of Judgments § 6 cmt. a (1982); see *Terracon Consultants W., Inc. v. Mandalay Resort Grp.*, 125 Nev. 66, 72, 206 P.3d 81, 85 (2009) (this court may exercise its discretion to reframe certified questions).

### III.

"[A] proceeding *in rem* is one taken directly against property, and has for its object the disposition of the property, without reference to the title of individual claimants . . . ." *Pennoyer v. Neff*, 95 U.S. 714, 734 (1877), *overturned in part on other grounds by Shaffer v. Heitner*, 433 U.S. 186, 205-06 (1977). In other words, when an action is in rem, the resulting judgment applies against the whole world. Restatement (Second) of Judgments §§ 6, 30 (1982). By comparison, an in personam judgment acts upon the persons who are parties to the suit. *Shaffer*, 433 U.S. at 199; see also *State v. Cent. Pac. R.R. Co.*, 10 Nev. 47, 80 (1875) (explaining that actions in personam seek personal judgments and are directed against specific persons), *overruled on other grounds by State ex rel. State Bd. of Equalization v. Barta*, 124 Nev. 612, 626, 188 P.3d 1092, 1101-02 (2008); Restatement (Second) of Judgments § 5 (1982). Quasi in rem proceedings are "a halfway house between in rem and in personam jurisdiction," because the "action is not really against the property" but rather is used "to determine rights in certain property." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1070 (3d ed. 2002).

### A.

A Nevada quiet title action is predominantly in rem or quasi in rem. NRS 40.010 governs Nevada quiet title actions and provides: "An action may be brought by any person against another who claims an estate

or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." A plea to quiet title does not require any particular elements, but "each party must plead and prove his or her own claim to the property in question" and a "plaintiff's right to relief therefore depends on superiority of title." Yokeno v. Mafnas, 973 F.2d 803, 808 (9th Cir. 1992); see also Hodges Transp., Inc. v. Nevada, 562 F. Supp. 521, 522 (D. Nev. 1983).

In Robinson v. Kind, this court held that a proceeding is substantially in rem where its "direct object is to reach and dispose of the property of the parties described in the complaint." 23 Nev. 330, 343, 47 P. 977, 978-79 (1897). After rejecting the argument that an action to quiet title necessarily invokes in personam jurisdiction because it seeks an equitable remedy and equity normally acts upon the person, this court explained that these precepts do not apply when the state has provided by statute for the adjudication of titles to real estate within its boundaries, which it deemed to be an in rem proceeding. Id. at 340-42, 47 P. at 978. Although we decided Robinson more than 100 years ago, its holding that quiet title affects property and thus is in rem (or quasi in rem) remains good law. See Cent. Pac. R.R. Co., 10 Nev. at 80 ("A judgment in rem is founded on a proceeding not as against the person as such, but against the thing or subject-matter itself whose state or condition is to be determined." (internal quotations omitted)).

By their complaint, the Chapmans seek to revest title in themselves based on Deutsche Bank's alleged violation of NRS 107.080. Even though a judgment quieting title vests title in a particular claimant, and to that extent affects the interests of persons, see Restatement (Second) of Judgments § 6 cmt. a (1982), its essential purpose is to

establish superiority of title in property. *Arndt v. Griggs*, 134 U.S. 316, 321 (1890). This is quintessentially a manifestation of an in rem or quasi in rem proceeding. *See Seitz*, 2012 WL 5523078, at *11 (holding that a suit to quiet title is either in rem or quasi in rem); *1st Nat'l Credit Corp. v. Von Hake*, 511 F. Supp. 634, 641-42 (D. Utah 1981) (commenting on the semantic differences between in rem and quasi-in-rem labels and holding that the Utah statutory action to quiet title is an action in rem, or quasi in rem); *see also 40235 Washington St. Corp. v. Lusardi*, 976 F.2d 587, 589 (9th Cir. 1992) ("A quiet title action is a proceeding *in rem*."); *Neagle v. Brooks*, 373 F.2d 40, 43 (10th Cir. 1967) (quiet title is "purely an in rem action"); Restatement (Second) of Judgments § 30 cmt. a (1982) (actions "to quiet or remove a cloud on title" are quasi in rem because the judgments they produce determine interests in property); Restatement (Second) of Conflict of Laws § 95 cmt. f (Supp. 1989) (deeming quiet title actions quasi in rem because judgments rendered in them affect the interests of particular persons in property).

Deutsche Bank nonetheless insists that the Chapmans' action is in personam because it does not seek to quiet title so much as to establish breach of contract and incorporated foreclosure statutes. As support, Deutsche Bank points to the Chapmans' allegations of loan-servicing irregularities and improper foreclosure notices and their prayer for compensatory damages. We disagree. The Chapmans' claim is in rem or quasi in rem because they seek to establish title to property. The nature of their claim does not change because they request monetary damages in addition to the central relief—quiet title—that they request. Here, as in *Seitz*, the Chapmans' quiet title claim "is *quasi in rem* or *in rem*, [and] it does not lose that nature simply because [they] seek[ ]

monetary damages in addition to title to property." *Seitz*, 2012 WL 5523078, at *11.

### B.

The primary purpose of an unlawful detainer action is to restore the possession of property to one from whom it has been forcibly taken or to give possession to one from whom it is unlawfully being withheld. *G.C. Wallace, Inc. v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 1135, 1140 (2011); *Seitz*, 2012 WL 5523078, at *4 (citing *Shorter v. Shelton*, 33 S.E.2d 643, 647 (Va. 1945)). Consistent with this purpose, a person who obtains title to property at a trustee's sale may remove holdover tenants by means of an unlawful detainer action under NRS 40.255(1)(c).

To initiate an action under NRS 40.255, the would-be plaintiff must serve the property's occupants with a notice to quit. If the occupants do not vacate the property within the time set by the notice, the owner may file a written complaint for unlawful detainer, seeking restitution of the premises. NRS 40.300. The plaintiff must serve the complaint with summons on the occupants, *id.*, and provide the court with proof of service of the notice to quit as required by NRS 40.280(3) or (4).

Thereafter, a trial may ensue if the parties' pleadings demonstrate an issue of fact. NRS 40.310. But the proceedings are summary and their scope limited. *See G.C. Wallace*, 127 Nev. at ___, 262 P.3d at 1140 (explaining that evidence extrinsic to the issue of immediate possession cannot be introduced at trial). Typically, the issues are whether the plaintiff gave the statutorily required notice, *Davidsohn v. Doyle*, 108 Nev. 145, 150, 825 P.2d 1227, 1230 (1992), and who as between the plaintiff and the defendant has a superior right to possession. NRS 40.320; *Lachman v. Barnett*, 18 Nev. 269, 274, 3 P. 38, 41-42 (1884)

(holding that unlawful detainer does not adjudicate title or an *absolute* right to possession of property because "[t]he object of the [unlawful detainer] statute was not to try titles, but to preserve the peace and prevent violence"); *Seitz*, 2012 WL 5523078, at *7 (unlawful detainer action limits court to determining possession between plaintiff and defendant). Notably, a superior right to possession does not require proof of title, although title can be evidence of the right to possession. *Yori v. Phenix*, 38 Nev. 277, 282, 149 P. 180, 180-81 (1915) ("[I]t has universally been held that title to property cannot be an issue in such actions . . . even though such pleading and proof may incidentally involve the question of title."). If after a trial, the court determines that the occupant has no legal defense to the alleged unlawful detainer, it will issue a summary order for restitution of the premises. NRS 40.360(1).

Although possession of property differs from ownership of property, possession is nonetheless a type of property interest. *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 435 (1982) ("Property rights in a physical thing have been described as the rights 'to possess, use and dispose of it.'" (quoting *United States v. General Motors Corp.*, 323 U.S. 373, 378 (1945))); *Seitz*, 2012 WL 5523078, at *5. In his *Commentaries on the Laws of England*, Blackstone instructed that "there are four 'degrees' of title: (1) 'naked possession,' (2) 'right of possession,' (3) 'mere right of property,' and (4) 'complete title.'" *Seitz*, 2012 WL 5523078, at *5 (quoting 2 William Blackstone, Commentaries *195-99). Unlawful detainer actions fall into the second "degree" of title in a property, "right of possession," and accordingly, are actions that affect interests in a thing— real property. As such, unlawful detainer is in rem or quasi in rem. *See G.C. Wallace*, 127 Nev. at ___, 262 P.3d at 1140-41 (explaining in the

analogous summary eviction setting that the key elements and defenses of unlawful detainer center on possession and property rights, rather than personal rights or obligations.); *Seitz*, 2012 WL 5523078, at *8; *see also Hepburn & Dundas' Heirs v. Dunlop & Co.*, 14 U.S. 179, 203 n.d (1816) (describing ejectment as a proceeding in rem); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1057 (E.D. Cal. 2009) (holding that the unlawful detainer action plaintiff sought to enjoin was a quasi-in-rem action).

Thus, in response to the Ninth Circuit's questions, we answer that quiet title and unlawful detainer proceedings pertain to interests in a thing and are, thus, "in rem" or "quasi in rem" in nature. We decline the parties' invitation to expound on the federal prior-exclusive-jurisdiction doctrine, as those questions were not certified to us and are best left to the court of origin.

/s/ Pickering, C.J.

We concur:

/s/ Gibbons, J.

/s/ Hardesty, J.

/s/ Parraguirre, J.

/s/ Douglas, J.

/s/ Cherry, J.

/s/ Saitta, J.